**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LISA AUDIT,

     Plaintiff,

Case No.: 1:25-cv-13562

v.

Judge Robert W. Gettleman

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Magistrate Judge Jeffrey T. Gilbert

     Defendants.

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, of counsel for Plaintiff Lisa Audit in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services (Baidu Maps and Amap). I make this Declaration in support of Plaintiff's Renewed Motion for Entry of Default and

Default Judgment against the Defendants identified in First Amended Schedule A, and to address the questions posed in the Court's Order [32].

2. The Court's Order directs Plaintiff to address (1) whether the addresses of the Defendants are known and (2), if the addresses are not known, the efforts Plaintiff undertook to discover them. This Declaration and the accompanying Exhibits A and B address both questions. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362.

3. **Address ascertained (where available).** All Defendants in this action are hosted on Temu, LLC ("Temu"). Temu served their objections in providing the account addresses for each Defendant when responding to Plaintiff's subpoena. As such, the only addresses available to Plaintiff were those publicly displayed on the Defendant's Internet Stores. For each of the 92 Defaulting Defendants I began with the address, if any, that the platform states for the seller, as reflected in Plaintiff's Schedule of Defendants. Sixteen Defendants stated a specific address; for the remaining 76 Defendants the platform seller page was no longer available and stated no address. Of the sixteen Defendants with a stated address, three — Nos. 9, 74, and 108 — state addresses in Hong Kong and are addressed separately in paragraphs 5 and 6 below; the other thirteen state addresses in mainland China. The eighty-nine Defendants other than the three Hong Kong Defendants are located in the People's Republic of China. The stated address, or its absence, for each Defendant is set out in Exhibit A. The six Defendants who appeared through counsel were not included in Plaintiff's investigation.

4. **Address searched (efforts undertaken).** For each of the 16 Defendants for which the platform stated an address, that address was searched and a screenshot of each search was

captured. For the thirteen mainland-China addresses, the searches used five independent, publicly available resources — a Google web search, Google Maps, Baidu Maps (百度地图), Amap (高德地图), and a Baidu (百度) web search. For the three Hong Kong addresses (Nos. 9, 74, and 108), which Baidu Maps and Amap do not cover, the searches used a Google web search and Google Maps. For the 76 Defendants whose platform seller page was no longer available, no address was stated and therefore none could be searched. The mechanical searching and screen-capture was performed by me or by a research associate working under my direction and supervision; but I personally examined every capture, and I personally read and interpreted the Chinese-language search results. I am able to do so as a native reader and writer of Chinese who is familiar with Chinese-language mapping services and with the way Chinese addresses are structured. The captures for each searched Defendant are collected, by Defendant, in Exhibit A.

5. **Map results.** Reading and interpreting the results myself, I determined that for none of the 16 Defendants with a stated address did the searches verify that address as a real, current location connected to the Defendant.

a. *Mainland Defendants.* For the thirteen mainland Defendants with a stated address, the searches either (i) did not locate the stated address at all; (ii) resolved only to a broad district, township, or village rather than the stated street and unit; (iii) returned different, unrelated establishments; or (iv) showed the stated unit to be a shared workstation (工位) or cluster-registration address rather than the Defendant's own premises.

b. *Hong Kong Defendants (Nos. 9, 74, 108).* Each stated address contains no Chinese characters and did not resolve on Baidu Maps or Amap, which do not cover

Hong Kong. I therefore relied on Google Maps, which does cover Hong Kong. The stated address for No. 9 (Room 9042, 9th Floor, Building B, Sino-American Center, No. 15-17 Xingye Street, Kwun Tong District) could not be located at all, and Exhibit A reflects that multiple unrelated businesses share the same base address with rotating unit suffixes. The stated address for No. 74 (Room 12, 20th Floor, Ho King Commercial Centre, 2-16 Fa Yuen Street, Mongkok) resolved only to a multi-tenant commercial building and not to the stated room or floor. The stated address for No. 108 (Room 602, 6th Floor, Kai Yu Commercial Building, 2C Argyle Street, Mongkok) returned only a partial match to a commercial building of a slightly different name (Kai Yue Commercial Building) and not to the stated room. In no instance did the stated Hong Kong address verify as premises connected to the Defendant.

c.     *Remaining Defendants.* For the remaining 76 Defendants the platform seller page was no longer available and no address was stated, so there was no address to locate or verify. The specific result for each Defendant is stated in Exhibit A. No Defendant's address verified as a genuine, dedicated location connected to the Defendant.

6.     **Business-registry check.** For the thirteen mainland Defendants with a stated address, I queried the Tianyancha (天眼查) PRC business-registry database; the results are compiled in Exhibit B. For eleven of them the database returned no matching registered entity. For two, Defendant No. 5 (Vivid Arts) and No. 22 (Pucici), the search returned three and seven registered entities respectively, none of which matched the Defendant's platform Business Name or stated address. In no case did Tianyancha identify a registered entity matching the Defendant. The 76 Defendants whose platform seller page was no longer available stated no

address and were not searched. The three Hong Kong Defendants (Nos. 9, 74, and 108) lie outside the PRC (SAMR/Tianyancha) registration system; as set out in paragraph 5(b) and Exhibit A, none of their stated Hong Kong addresses could be verified as a location connected to the Defendant. No Defendant has a registered entity, legal representative, and registered address that all match the platform disclosure.

7. **Conclusion.** As to all 92 Defaulting Defendants — the thirteen with a stated mainland address that returned no matching registered entity and did not verify on the searches, the seventy-six with no stated address, and the three with a Hong Kong address that did not verify — the address is not known within the meaning of Article 1, and Plaintiff undertook the searches and registry checks described above in an effort to discover it. No Defendant qualifies for Hague Central-Authority service, because no Defendant has a registered entity, legal representative, and registered address that all match the platform disclosure.

8. Exhibit A is a true and correct compilation, for each searched Defendant, of the Google web, Baidu web, Google Maps, Baidu Maps, and Amap search captures described above. Exhibit B is a true and correct compilation of the registry-check results described above. Both were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2026, at Chicago, Illinois.

*/s/ Yanling Jiang*
Yanling Jiang
Counsel for Plaintiff